## THE JACOB BRANDOW.

## SCHIAFFINO v. THE JÁCOB BRANDOW.

*(District Court, E. D. South Carolina.  December 28, 1887.)*

DEPOSITION—INTERRUPTION OF TAKING—ADMISSIBILITY OF PART TAKEN.
    In an action in admiralty, while the deposition of libelant was being taken
    *de bene esse*, and before respondent had completed the cross-examination, the
    interpreter, whose services were necessary, refused to act further, and an-
    other could not be obtained before the witness left port. That part of the dep-
    osition that had been taken was signed by the witness, and produced upon
    the trial.  *Held* inadmissible.

In Admiralty.
*J. P. K. Bryan*, for libelant.
*J. N. Nathans*, for respondent.

SIMONTON, J.  This case came on to be heard this day.  It appears
that the testimony of the master was being taken *de bene esse*, under or-
der, before the clerk of this court, some months ago.  During cross-ex-
amination, the interpreter, whose services had become necessary because
of the ignorance of the English language on the part of the witness, lost
his temper and left the clerk's office.  The cross-examination could not
be resumed or continued from the impossibility of obtaining another in-
terpreter.  The vessel left port the next day, (Sunday,) and witness went
in her.  The testimony, as far as it was taken, was produced, signed by
the master.  It was objected to by Mr. Nathans, for respondent.

The fixed and invariable practice of courts of justice has been, and is,
not to admit testimony when the opposite party has not had full oppor-
tunity of cross-examination.  1 Greenl. Ev. §§ 445, 554.  The point is
discussed in *Gass* v. *Stinson*, 3 Sum. 98.  The general rule is stated as
above, at least in the law courts, with the possible exception of the death
of the witness before the cross-examination is concluded.  A case was
quoted in the opinion in which the testimony, taken before trial and in-
terrupted in the cross-examination, was rejected, "because it was taken
before issue joined, and might have been taken after."  No other rea-
son was given.  Judge STORY, who delivers the opinion, says in sub-
stance that sometimes, in equity, (and the same practice, perhaps, should
govern this court,) the testimony of a witness who has not been cross-
examined is admitted.  But he confines this doctrine to cases in which
the failure to cross-examine was the fault of the party having the right to
do so, and to cases in which it became impossible to get at the witness
again.  In the present case the respondent was not in fault.  He was not
bound to find an interpreter.  The witness was examined *de bene esse* for
his own convenience.  He departed the country of his own accord, and
so prevented further examination.  He can be examined again, as he is
within reach of a commission.

The testimony will not be admitted, and the case is continued.